JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444
FIRST ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> BOE DANIELLE MOORE, <br><br> Defendant. | Case No. 1:22-cr-00086-DCN <br><br> **STIPULATION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** <br> (*Amendment 821 – Status Points*) |

The United States of America, by and through Joshua D. Hurwit, United States Attorney, and Justin D. Whatcott, First Assistant United States Attorney for the District of Idaho, and the Defendant, BOE DANIELLE MOORE, by and through the Federal Defender Services of Idaho and Mark J. Ackley, First Assistant Federal Defender, hereby stipulate to reduce the Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

### APPLICATION OF AMENDMENT 821, PART A

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise presents 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise presents 6 criminal history points or fewer receives no status points. On August 24, 2023, the Commission decreed that this change applies retroactively. The Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. *See* UNITED STATES SENTENCING GUIDELINES MANUAL (USSG) § 1B1.10(e)(2) (Nov. 1, 2023).

In determining the extent of the reduction, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment had been in effect at the time of sentence. *See* USSG § 1B1.10(b)(1). The extent of the reduction is strictly limited to the low end of the new applicable guideline, with one exception (where the defendant received a below-guideline sentence based on substantial assistance). *See* USSG § 1B1.10(b)(2). Pursuant to 18 U.S.C. § 3582(c)(2), the court shall consider the factors in 18 U.S.C. § 3553(a) in determining whether a reduction is warranted, and the extent of such reduction. *See* USSG § 1B1.10, comment (n. 1(B)(i)).

### **DEFENDANT'S ORIGINAL SENTENCE**

1. The Court calculated the Defendant's total offense level as 31.

2. The Court calculated the Defendant's criminal history category as VI.

3. The resulting advisory guideline range was 188 to 235 months.

4. The Court sentenced the Defendant on February 8, 2023 to 110 months.

STIPULATION FOR REDUCTION OF SENTENCE - 2

## **STIPULATION FOR REDUCTION OF SENTENCE**

The parties hereby stipulate and agree that the Defendant is eligible for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Consistent with the policy statements in USSG § 1B1.10, the parties stipulate to the following reduction:

1. The Defendant's total offense level remains 31.

2. The Defendant's amended Criminal History category is V.

3. The Defendant's amended advisory sentencing guideline range is now 168 to 210 months.

4. Taking into account "the factors set forth in 18 U.S.C. § 3553(a)," and "the nature and seriousness of the danger . . . that may be posed by a reduction in . . . defendant's sentence," and "post-sentencing conduct of . . . defendant," USSG § 1B1.10, comment. (n.1(B)(i)-(iii)), the parties agree that a reduction of defendant's sentence to 98 months – which is a corresponding reduction from the amended guideline range – would be appropriate.

5. The parties stipulate and agree that the Court should enter an order consistent with this stipulation, using Administrative Office Form 247, with an effective date of February 1, 2024.

| | |
|---|---|
| JOSHUA D. HURWIT<br>UNITED STATES ATTORNEY<br>By: | FEDERAL DEFENDER SERVICES OF IDAHO<br>By: |
| */s/ Justin D. Whatcott*<br>Justin D. Whatcott<br>First Assistant United States Attorney | */s/ Mark J. Ackley*<br>Mark J. Ackley<br>First Assistant Federal Defender |

STIPULATION FOR REDUCTION OF SENTENCE - 3