UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BOE DANIELLE MOORE,<br><br>Defendant. | Case No. 1:22-cr-00086-DCN-2<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Boe Danielle Moore's Motion for Compassionate Release. Dkt. 128. The Government opposes the Motion. Dkt. 135.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES Moore's Motion.

## II. BACKGROUND

On April 26, 2022, a federal grand jury indicted Moore and her co-defendant on

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

three drug related felonies. Dkt. 1. Eventually, Moored pleaded guilty to one count of conspiracy to distribute methamphetamine. Dkt. 69. The Court sentenced Moore to 110 months of incarceration, which was subsequently reduced to 98 months following the enactment of the First Step Act ("FSA"). Dkts. 96, 124.

On March 21, 2025, Moore filed the instant Motion for Compassionate Release. Dkt. 128. She gives three reasons which she believes justify her release.

First, Moore was initially incarcerated an FCI Dublin. While there, Moore alleges another woman sexually assaulted her. Second, after FCI Dublin closed, Moore was transferred to various facilities before landing in Miami, Florida. She alleges this transportation was a hardship. Third, Moore asserts her two children, ages 15 and 20, need her care because their current caretakers are incapacitated.

For all these reasons, Moore seeks compassionate release. She is currently housed at the federal correction institution in Danbury, Connecticut ("FCI Danbury") and has a conditional transfer date to a halfway house of September 14, 2026, with a projected transfer to home confinement in March 2027.

### III. LEGAL STANDARD

Moore seeks compassionate release under the FSA, 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. To grant compassionate release, a district court must first determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by

MEMORANDUM DECISION AND ORDER - 2

the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *Rodriguez*, 424 F. Supp. 3d at 680.

The policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering of abuse by an employee or contractor of the BOP; (5) any other circumstance or combination of circumstances of similar gravity; or (6) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the sentence. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find that the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—not those brought by defendants individually. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). District courts were free to consult the Guideline's statements as persuasive authority, but the Ninth Circuit made clear that the

---

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019) (citing 18 U.S.C. § 994(t)) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 3

statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director and to those brought by individual defendants. U.S.S.G. § 1B1.13(a). These amendments make U.S.S.G § 1B1.13 binding. *See, e.g.*, *United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908 (D. Mont. Jan. 4, 2024); *United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023).

The catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling reason sufficient to justify release.

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

As noted, the FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Moore motioned the Warden at FCI Dublin for release as it related to the alleged sexual assault and then with the warden at Danbury FCI regarding her family circumstances. Both requests were denied. The Government acknowledges Moore exhausted her remedies and could file in federal court. Accordingly, the Court finds

MEMORANDUM DECISION AND ORDER - 4

exhaustion met and will continue to the next stage of its inquiry.

### B. Extraordinary and Compelling Reasons

The Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Moore's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). Moore bears the burden of establishing that extraordinary and compelling reasons exist to justify release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020). The Court will address each reason for release in turn.

#### 1. FCI Dublin

Moore alleges one day while picking up laundry off the floor, another female inmate grabbed her by the waist, then reached around and grabbed her by the vaginal area and pulled her back to rub against her own vaginal area. Dkt. 128-1, at 4. Moore claims she immediately reported the incident, but nobody intervened or investigated for many days. After a report and investigation, Moore's claim was dismissed as "inconclusive." Moore claims this incident caused her mental health to deteriorate.

Citing this Court's prior release of another inmate at FCI Dublin who was abused,[3] Moore claims she should likewise be released.

Section 1B1.13(b)(4)(A) of the United States Sentencing Guidelines recognizes that a defendant who is a victim of abuse "that was committed by, or at the direction of, a

---

[3] *United States v. Russell*, 2024 WL 4851154 (D. Idaho Nov. 21, 2024). In that case, the Court granted compassionate release because the Defendant's injury happened at the hands of a guard, her medical conditions were deteriorating, she had no prior criminal history, she was elderly, and had less than six months of her sentence remaining. *Id*.

correctional officer, an employee or contractor of the Bureau of Prisons . . . ." could show extraordinary and compelling circumstances. Additionally, the Guidelines require: "that the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding . . . ." *Id*.

Sexual abuse in all forms cannot be tolerated. However, the Guidelines limit sexual abuse situations that could justify release to those committed at the hands of correctional staff. Here, Moore reported an allegation of sexual assault by a fellow inmate so § 1B1.13(b)(4)(A) does not apply. Nor does Moore point to a criminal, civil, or administrative proceeding which establishes the misconduct.

To the extent Moore claims FCI Dublin failed to investigate her claim, such is not borne out in the record. An investigation was undertaken, the alleged assailant was removed from Moore's cell, interviews were conducted, and medical exams were initiated—although Moore declined to participate in the medical assessment and could not answer basic questions about the alleged abuse. Dkt. 135, at 12–18. Ultimately, Moore's claim was found to be "unsubstantiated." *Id*. at 17–18.

Because § 1B1.13(b)(4)(A) does not apply to sexual violence perpetrated by inmates, and because Moore cannot point to a criminal, civil, or administrative finding of misconduct as the section requires, the Court finds Moore's experience at FCI Dublin does not qualify as extraordinary or compelling circumstances under § 1B1.13(b)(4)(A).

### 2. *Transfer*

Second, Moore asserts her transfer from FCI Dublin was rushed and stressful. Specifically, she claims correctional staff did not afford her bathroom breaks or access to

MEMORANDUM DECISION AND ORDER - 6

feminine hygiene products and otherwise mistreated her and her fellow inmates—calling the inmates names, playing explicit music loudly, and changing the temperature so it was uncomfortably cold.

The Court recognizes prison transfers are stressful. It also recognizes Moore's stress was compounded by the fact she was leaving FCI Dublin—a facility shutdown for serious reasons—and that staff acted disrespectfully and unprofessionally.

But Moore's transfer experience fails to qualify as extraordinary and compelling. While some of Moore's allegations are tied to her, others are more generalized. And even if she suffered all the harms alleged, such is insufficient to justify release from incarceration. As the Court has noted elsewhere, if Moore feels the "conditions of her confinement" rise to the level of a constitutional violation, she can file a habeas corpus petition or civil rights action. *See United States v. Sykes*, 2024 WL 4145751 at *3 (D. Idaho Sept. 10, 2024). However, even were the Court to consider these conditions as part of its analysis for compassionate release, its finds the circumstances are not extraordinary.

### 3. Family Circumstances

Third and finally, Moore asserts her children's caregivers are incapacitated and that she is the only one available to care for them.

The Guidelines outline that "the death or incapacitation of the caregiver of the defendant's minor child . . ." could constitute extraordinary or compelling reasons for release. U.S.S.G. § 1B1.13(b)(3)(A).

While Moore asserts her 20-year-old daughter is facing severe difficulties in life—such as transitioning from male to female and getting in trouble with law enforcement—

MEMORANDUM DECISION AND ORDER - 7

she recognizes her daughter is an adult and does not fall under this provision.

That leaves her son, a now 15-year-old, who lives with Moore's uncles. It appears one of the uncles is disabled and one (or both) are less than ideal caregivers. Moore reports her son ran away from home for five days and the uncles did not try to find him. She also alleges the uncles are neglectful and do not provide the necessities of life for her son.

The Court is sympathetic to Moore's son's situation. An abusive caretaker can be considered "incapacitated" for the purposes of compassionate release. *See, e.g.*, *United States v. Smith*, 2024 WL 4556521, at *5 (D. Nev. Oct. 22, 2024). That said, even before Moore was sentenced in this case, she largely failed to care for her children due to her criminal activity and substance abuse. Her children were raised by her uncle and resided with him at the time of her sentencing. Moore has not persuasively explained how circumstances have changed since the Court weighed these same arguments at sentencing. Finally, the letter from one uncle stating he is disabled and struggling to raise Moore's son cannot be afforded much weight without supporting documents or medical records to substantiate the claims contained therein.

In sum, it is not clear whether either uncle is truly incapacitated, that there are no other available caregivers, or that Moore would be the best option if released.

Again, while assuredly a difficult situation for all involved, the Court finds Moore's family circumstances cannot qualify for release at this time.

*4.  3553(a) Factors*

Finally, the Court must address the 18 U.S.C. § 3553(a) factors to the extent any are

MEMORANDUM DECISION AND ORDER - 8

applicable and whether releasing Moore early is consistent with the goals of sentencing.[4]

Here, Moore was originally charged with three felonies. She ultimately pleaded guilty to one and admitted to conspiring to distribute approximately 772.4 grams of methamphetamine. Dkt. 53 at 2–3. She has a lengthy criminal history with eleven convictions as an adult. While some of her crimes were misdemeanors that resulted in fines or probation, other crimes were drug-related and resulted in years-long terms of incarceration. These factors support the finding that Moore should not be released early.

Moore points out she has engaged in programming while incarcerated. This is commendable; however, it cannot justify release.

Moore also asserts she has done "harder time" than she might have otherwise done because she was housed at FCI Dublin. As the Court has stated before, FCI Dublin was a "dysfunctional mess;" however, "there is no federal statute that permits shorter sentences for inmates serving 'harder' time in certain prisons." *United States v. Russell*, 757 F. Supp.

---

[4] Under the "Factors To Be Considered in Imposing a Sentence," this statute provides the "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]":

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a).

MEMORANDUM DECISION AND ORDER - 9

3d 1132, 1136, 1141 (D. Idaho 2024) (citing *United States v. Nevarez-Ledezma*, 2021 WL 4430157, at *1 (D.N.M. Sept. 27, 2021)).

After reviewing the § 3553(a) sentencing factors, the Court finds releasing Moore early would not be consistent with the punitive and remedial goals of sentencing.

## V. CONCLUSION

Moore properly exhausted her administrative remedies. But the Court finds she has not presented compelling and extraordinary reasons for her release and that a reduction in her sentence would be inconsistent with the § 3553(a) sentencing factors.

Accordingly, the Court DENIES Moore's Motion to Reduce Sentence.

## VI. ORDER

The Court **HEREBY ORDERS**:

1.  Moore's Motion to Reduce Sentence (Dkt. 128) is **DENIED.**

DATED: May 19, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 10